UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

Rosa Colon,

    Plaintiff

v.

                                Case No.

Wyndham Hotels and Resorts
d/b/a Days Inn and Suites,              **Jury Trial Demanded**

    Defendant.

___

## COMPLAINT

___

NOW COMES the Plaintiff, Rosa Colon, by and through her attorney, Paul A. Strouse and Strouse Law Offices, and as for her Complaint against Defendant Wyndham Hotels and Resorts d/b/a Days Inn and Suites allege and show to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-5(f)(1) and (3), as amended by Title of the Civil Rights Act of 1991 ("Title VIII") to correct and unlawful employment practices on the basis of race undertaken by Defendants, and to provide appropriate relief to the Plaintiff Rosa Colon.

2. Title VII, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of race undertaken by the Defendant. This action seeks to provide appropriate relief to Plaintiff Rosa Colon on this basis.

3. As alleged with greater particularity below, Defendant engaged in unlawful unemployment discrimination against Plaintiff on the basis of race, and/or retaliated against Plaintiff under Title VII.

4. Additionally, as alleged with particularity below, Defendant intentionally, improperly and knowingly participated in and/or made ultimate decisions to terminate each

employment that does not adhere to the Defendant's screening policy, which disproportionately and unfairly affects minorities.

## JUSIDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title"), as amended, 42 U.S.C. Section 1981a.

6. Plaintiff Rosa Colon has complied with all jurisdiction prerequisites and conditions precedent to an action under Title VII of the Civil Rights At of 1964, by timely filing charges of discrimination with EEOC on June 9, 2020. *See* **Exhibit A.**

7. Plaintiff Rosa Colon received respective notice of right to sue on February 4, 2021. *See* **Exhibit B.**

8. The Court has supplement jurisdiction over any other claims Plaintiff could make, pursuant to 28 U.S.C. Section 1367, because they would form part of the same case or controversy as the aforementioned claims.

9. Venue in this judicial district is proper, by virtue of 28 U.S.C. Section 1391, as Plaintiff Rosa Colon worked for Defendant in Milwaukee, Wisconsin, which is in the Eastern District of Wisconsin, and all claims arose in this District.

## PARTIES

10. Plaintiff is an adult female citizen of the State of Wisconsin and residing at 8917 West Thurston, Milwaukee, Wisconsin 53225. Plaintiff is Hispanic.

11. Defendant, Wyndham Hotels and Resorts d/b/a Days Inn and Suits ("Wyndham") is a New Jersey for-profit corporation engaged in hospitality products and services, and is engaged in business and/or several locals throughout the Upper Midwest region, including on in the State of Wisconsin located at 1840 North 6th Street, Milwaukee, Wisconsin 53212. Defendants registered agent in the State of Wisconsin is Corporate Creations Network Inc., 4659 West Spencer Street, Appleton, Wisconsin 54914.

## FACTS

12. That Plaintiff Rosa Colon was an employee at Days Inn & Suites located at 1840 North 6th Street, Milwaukee, Wisconsin 53212.
13. That on or about September 30, 2019 the Defendant's management ordered all employees to screen only residents of Milwaukee. *See* **Exhibit C.**
14. That Defendant's screening policy disproportionately and unfairly affects minorities, since Milwaukee is 64% minority residents.
15. That Defendant further required employees to run a criminal background check on Milwaukee residents on CCAP. *See* **Exhibit D.**
16. That Defendant required the Plaintiff, when rejecting consumers to blame it on the Milwaukee Police Department.
17. Milwaukee Common Council voted to make Defendant's policy of screening Milwaukee residents illegal due to its discriminatory nature.
18. That on February 11, 2020, the Common Council unanimously approved legislation, that prohibits any city licensed hotel, motel or other dwelling facility from discriminating based on a person's residence.
19. That Defendant's screening policy was not within public policy because the Defendant knew that screening customers from only Milwaukee, as opposed to any other place, is unconstitutional, illegal and discriminatory in nature.
20. That because Plaintiff refused to enforce the Defendant's illegal policies she was badgered by several other employees.
21. That Plaintiff was terminated as retaliation for not enforcing an illegal screening policy, which is constitutionally contrary to public policy.
22. That Defendant unlawfully retaliated against Plaintiff Rosa Colon for a policy that interferes and threatens a Milwaukee resident in the formation of a contract for rental of hospitality services. This unlawful retaliation was in violation of Plaintiff's rughts under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e et seq.), as amended: and 42 U.S.C. Section 1981.
23. That Plaintiff was terminated as retaliation for refusing to follow an order which was prohibited Constitutionally and under Wisconsin Law and was subsequently banned

by Milwaukee Common Council.

24. Any rationale that Defendant could assert for their actions and omissions in relation to Plaintiff Rosa Colon are pretexts cloaking a retaliatory *animus*.

25. As a direct and proximate cause of Defendant's actions in retaliating against her, Plaintiff Rosa Colon has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT II – PUNITIVE DAMAGES

26. That Plaintiff Rosa Colon reallege and incorporate by reference the above paragraphs as if there were fully set forth herein.

27. Defendant's reckless indifference as to Plaintiff's rights, including Defendant's intentional discrimination and retaliation against her entitle her to punitive damages.

## RELIEF

WHEREFORE, Plaintiff Rosa Colon reallege and incorporate by reference the above paragraphs as if they were fully set forth herein respectfully request that this Court:

a. Enter a judgment that Defendant violated Title VII of the Civil Rights Acts of 1964, as amended;
b. Enter judgment against Defendants and in favor of Plaintiff Rosa Colon for compensatory damages;
c. Enter judgment against Defendants and in favor of Plaintiff Rosa Colon for monetary relief;
d. Enter judgment against Defendants and in favor of Plaintiff Rosa Colon for punitive damages;
e. Award Plaintiff Rosa Colon the cost of this action and reasonable

attorney's fees and;

f. Grant Plaintiff such other and further relief as the Court deems justn and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Rosa Colon demands trial by a jury of her peers on all issues of fact.

Dated this __3rd__ of _May___ 2021

Attorneys for Plaintiff,
Jaelyn Bliss

_____/s/ Paul Strouse_____
Paul Strouse- *Attorney At Law*
SBN: 1017891

Prepared By:

The Law Offices of Paul Strouse
825 W. Wisconsin Avenue
Milwaukee WI 53233
(414) 390-0820
StrouseLitigation@gmail.com